**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV, INC.,                    Case No.: 3:24-bk-00496-BAJ

    Debtor.                                                  Chapter 7

---

CHARLES BLAKE STRINGER and
NUTRA-ACRES, LLC,                                   Adv. Pro. No. 3:26-ap-00063-BAJ

    Plaintiffs,

v.

GENIE INVESTMENTS NV, INC.,

    Defendant.

---

## MOTION TO INTERVENE

<div style="border:1px solid black;">

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

</div>

86744843;1

Aaron R. Cohen, Chapter 7 Trustee, (the "Trustee"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 24, made applicable by Federal Rule of Bankruptcy Procedure 7024, respectfully requests that the Court permit the Trustee to intervene in the above-entitled adversary proceeding and, in support, would show the Court as follows:

1.      On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

2.      On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

3.      On April 29, 2026, Charles Blake Stringer ("Mr. Stringer") and Mr. Stringer's company, Nutra-Acres, LLC ("Nutra-Acres") filed a Complaint for Declaratory Judgment (the "Complaint") seeking a declaratory judgment that the Debtor was a Ponzi scheme "for all purposes and all grounds" and "which declaration shall apply to all legal proceedings relating to the Debtor."

4.      The Complaint also states, "A declaratory judgment is necessary to establish that all transfers made by the Debtor to Customers were made with the intent to hinder, delay, or defraud creditors." *See* Complaint at ¶ 29.

5.      The Trustee seeks leave to intervene in this proceeding to protect the bankruptcy estate's interests and causes of action.

6.      Federal Rule of Civil Procedure 24(a) provides that a "court must permit anyone to intervene" who "claims an interest relating to the property . . . that is subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

86744843;1

ability to protect its interest." Fed. R. Civ. P. 24(a); *see also* Fed. R. Bankr. Pro. 7024 (providing that Rule 24 "applies in adversary proceedings"). The Trustee is entitled to intervene as of right under Rule 24(a).

7. Under Rule 24(a)(2), the Trustee may intervene as of right if "(1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit." *ManaSota-88, Inc. v. Tidwell*, 896 F.2d 1318, 1321 (11th Cir. 1990). Each requirement is met here.

8. First, the Trustee's application to intervene is timely. The Trustee is filing this Motion to Intervene within the time period the Defendant is required to respond to the Complaint, so the case is in its very early stages.

9. Next, the Trustee has an interest relating to the property or transaction which is the subject of the action – namely the request to declare the Debtor a Ponzi scheme and that all transfers the Debtor made were fraudulent. These claims are claims that belong to the bankruptcy estate and should be brought by the Trustee – not an individual creditor.

10. The Complaint asks for estate-wide declarations that would apply "for all purposes" and in "any and all legal proceedings" and that all transfers were made with intent to hinder, delay, or defraud, and that "profits" are presumed fraudulent. Such relief is within the Trustee's exclusive authority as representative of the estate under 11 U.S.C. § 323 and concerns property of the estate and avoidance remedies under 11 U.S.C. §§ 541, 544, 547, 548. Plaintiffs do not assert a particularized injury unique to them that is distinct from injuries allegedly suffered by other creditors; rather, they seek declarations to benefit the estate as a whole and to be wielded in future

3

avoidance or claims litigation. The Complaint frames an alleged Ponzi scheme affecting "Customers," seeks findings about all transfers to Customers, and requests use of those findings "for all purposes" and in all proceedings.  That is an estate cause of action and remedy reserved to the Trustee, not to individual creditors. *See Citibank, N.A. v. Park-Kenilworth Industries, Inc.*, 109 B.R. 321 (N.D. Ill. 1989) (granting bankruptcy trustee's motion to intervene in lawsuit filed by creditor dealing with an asset of the bankruptcy estate).

11.     The Trustee meets the third prong under *ManaSota-88* because Plaintiffs' attempt to obtain presumptions of fraudulent intent and to predetermine the character of "all transfers" encroaches on the Trustee's statutory avoiding powers (§§ 544, 547, 548) and would bind nonparties without the Trustee's participation. Plaintiffs seek a declaration that "all transfers made by the Debtor to Customers were made with the intent to hinder, delay, or defraud creditors," and that payments of "profits" are presumed fraudulent, applicable in "all other Federal and State Courts." These are estate-wide issues and remedies that belong to the Trustee and not individual creditors. As a result, the Trustee must be permitted to intervene in this action to protect the bankruptcy estate.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee seeks entry of an order allowing him to intervene in this proceeding and for such other relief as the Court deems just.

Dated: June 5, 2026                              AKERMAN LLP

By: /s/ *Raye C. Elliott*
Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone:  (813) 223-7333
Fax:  (813) 223-2837
*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

86744843;1

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

*/s/ Raye C. Elliott*
Attorney

5

86744843;1