UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                                          Case No.: 3:24-bk-00496-BAJ
GENIE INVESTMENTS NV INC.,

                                                                Chapter 7
Debtor.

_____/

CHARLES BLAKE STRINGER and
NUTRA-ACRES, LLC                                      Adv. Pro. No.: 3:26-ap-00063-BAJ

               Plaintiffs

vs.

GENIE INVESTMENTS NV INC.

               Defendant

_____/

**RESPONSE TO TRUSTEE'S MOTION TO DISMISS**

Plaintiffs, CHARLES BLAKE STRINGER and NUTRA-ACRES, LLC ("Plaintiffs"), by

and through their undersigned counsel, file this, their Response to the Trustee's Motion to

Dismiss ("the Trustee's Motion") (Doc. 10), and as grounds therefore state as follows:

**I.  Procedural Background**

1.       This adversary proceeding was initiated by the filing of a Complaint for

Declaratory Judgment by Plaintiffs CHARLES BLAKE STRINGER and NUTRA-ACRES, LLC

("the Plaintiffs"), on April 29, 2026.  The Complaint seeks a determination that the Debtor

operated a Ponzi scheme. No monetary or other relief is requested or demanded in the Complaint

as to the Debtor or any other entity.

2. On June 5, 2026, the Trustee's Motion (Doc. 10) was filed in which the Trustee seeks a dismissal of this adversary proceeding.

3. Through this Response, the Plaintiffs seek an Order denying the Trustee's Motion and determining any other appropriate relief.

## II. Trustee's Argument and Response

### A. Plaintiffs Allegedly Lack Standing to Bring this Action

4. The Trustee claims that Plaintiffs lack standing to bring this action, because: "a declaratory judgment that the debtor operated a Ponzi scheme 'for all purposes' is precisely the type of generalized, estate-wide determination that belongs to the Trustee." (Trustee's Motion at page 4). In arriving at its conclusion, the Trustee presumes that Plaintiffs intend to bring generalized claims for relief against the Debtor, which only the Trustee can assert. Plaintiffs do not have such an intention.

5. To be clear, Plaintiffs do not intend to bring generalized claims against the Debtor following a Court determination that the Debtor operated a Ponzi scheme. Plaintiffs do not dispute that generalized claims belong exclusively to the Trustee. Moreover, the Trustee concedes in the Motion that Plaintiffs are not barred from filing claims against the Debtor that are personal to a creditor "when the theory of liability is based on a particularized injury directly traceable to the conduct of the defendant." (Trustee's Motion at page 4). While no such claims have been filed, Plaintiff preserves the right to bring personalized claims against the Debtor, when appropriate.

6. Plaintiffs glean from the Trustee's Motion that much is made of the Plaintiff's claim for relief beginning and ending with a request for a determination that the Debtor operated a Ponzi Scheme "for all purposes." Plaintiffs presume that the "for all purposes" language has

created Trustee concerns that Plaintiffs plan to use a Ponzi scheme determination by this Court to pursue causes of action available solely to the Trustee, which Plaintiffs have no intention of doing. Plaintiffs suggest that the Complaint can be amended (rather than dismissed) to clarify and narrow the requested relief to eliminate that concern.

7.    Consequently, since Plaintiffs do not seek to trump the Trustee's avoidance and other powers, they have standing to bring this action.

### B.    Complaint Allegedly is an Effort to Usurp Trustee Powers

8.    The Trustee incorrectly alleges that the adversary proceeding constitutes: "Plaintiffs' effort to obtain *control over estate claims* and adjudications." (Trustee's Motion at page 5) (Emphasis added).

9.    As stated herein, Plaintiffs have no intention to bring claims against the Debtor that are solely within the Trustee's dominion and control. Rather, Plaintiffs seek a determination that the Debtor operates a Ponzi scheme.  Such an adjudication may be useful to Plaintiffs should they bring personalized claims in this or in any forum against the Debtor or its principals or its associates, whomever they may be. Ironically, a determination by this Court that the Debtor operated a Ponzi scheme will also benefit the Trustee, should claims against the Debtor and/or related entities be filed following such a determination. Conversely, this Court's finding of the Debtor operating a Ponzi scheme will not harm or be prejudicial to any party, outside of the Debtor.

10.    As stated herein, in the event the heartburn to the Trustee stems from the Plaintiffs' request that a Ponzi scheme be made "for all purposes," an Amended Complaint narrowing the uses of such a determination is appropriate, rather than dismissal.

**WHEREFORE**, for the foregoing reasons, Plaintiffs CHARLES BLAKE STRINGER and NUTRA-ACRES, LLC respectfully request that the Motion to Dismiss be denied, or alternatively, that the Motion to Dismiss be granted but that Plaintiffs be given leave to file an Amended Complaint which narrows the "for all purposes" aspect of the requested relief, and for any and such other and further relief as the Court deems just and equitable.

*/s/ Scott W. Spradley*
SCOTT W. SPRADLEY
Florida Bar No. 782467
Law Offices of Scott W. Spradley, P.A.
301 S. Central Avenue
P.O. Box 1
Flagler Beach, FL 32136
Tel: 386/693-4935
Fax: 386/693-4937
scott@flaglerbeachlaw.com
Attorneys for Creditors Charles Blake Stringer
and Nutra-Acres LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic means this 24th day of June, 2026 to all parties in interest.

*/s/ Scott W. Spradley*
SCOTT W. SPRADLEY