FILED INTAKE USBC
JUL 15 '26 AM9:41

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| GENIE INVESTMENTS NV INC., | ) Case No. 3:24-bk-00496-BAJ |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| CHARLES BLAKE STRINGER and | ) |
| NUTRA-ACRES, LLC, | ) |
| | ) |
| Plaintiffs, | ) Adv. Pro. No. 3:26-ap-00063-BAJ |
| | ) |
| v. | ) |
| | ) |
| GENIE INVESTMENTS NV INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION TO INTERVENE AS OF RIGHT AND REQUEST FOR EXPEDITED CONSIDERATION

David Hughes, a non-party, by and through undersigned counsel, moves to intervene as of right under Fed. R. Civ. P. 24(a)(2), made applicable by Fed. R. Bankr. P. 7024, because he has a legally protectable interest relating to the subject matter of this adversary proceeding that may be impaired absent intervention.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

1. On April 29, 2026, Plaintiffs Charles Blake Stringer and Nutra-Acres, LLC filed a Complaint for Declaratory Judgment in this adversary proceeding seeking a determination that the Debtor "operated a Ponzi Scheme by and through its principals and its insider/affiliated companies, which declaration shall apply to all legal proceedings

relating to the Debtor and the operation of the Ponzi Scheme." (Complaint ¶¶ 6, 30, 32, 34).

2. On June 5, 2026, the Chapter 7 Trustee filed a Motion to Dismiss (Doc. 10), arguing that Plaintiffs lack standing and that the requested relief improperly seeks to usurp the Trustee's exclusive authority over estate-wide claims.

3. On June 24, 2026, Plaintiffs filed their Response to the Trustee's Motion to Dismiss (Doc. 13), in which they explicitly admitted that a Ponzi scheme declaration "may be useful to Plaintiffs should they bring personalized claims in this or in any forum against the Debtor or its **principals** or its associates, whomever they may be." (Doc. 13 ¶ 9) (emphasis added).

4. **Mr. Hughes is a former principal** and 50% equity shareholder of the Debtor and is among the persons Plaintiffs indicate they may seek to target with any declaration obtained in this proceeding.

5. The Pretrial/Status Conference in this matter is scheduled for **July 28, 2026, at 11:00 AM**. Mr. Hughes files this motion now, before any ruling on the Motion to Dismiss, to ensure his rights are protected and to avoid any claim that his motion is untimely.

## II. MR. HUGHES HAS A DIRECT AND SUBSTANTIAL INTEREST IN THIS PROCEEDING

6. Mr. Hughes is a former principal and director of the Debtor. He has a direct, substantial, and legally protectable interest in his personal reputation, his personal liability exposure, and the legal findings that may be made in this proceeding.

7. Mr. Hughes is a former principal and director of the Debtor. He has a direct and substantial interest in avoiding a declaration that Plaintiffs may attempt to use as a predicate for later claims against him personally. The Ponzi scheme and Madoff-like allegations in both the Examiner's Report and Trustee's comments have **already been used** against Mr. Hughes in his personal bankruptcy case and by creditors like Stringer and Selia Tucker in Louisiana. The Examiner's Report laid the foundation for these filings by injecting terms like "customer funds" language that does not appear in the parties' contracts, into the record. **Mr. Hughes has already suffered personal harm and must be able to defend himself from further harm.**

8. Mr. Hughes is a former principal and director of the Debtor. He has a direct and substantial interest in avoiding a declaration that Plaintiffs may attempt to use as a predicate for later claims against him personally.

9. **The Complaint expressly seeks a declaration that the Debtor operated a Ponzi scheme "by and through its principals," which Plaintiffs may attempt to invoke in later proceedings involving Mr. Hughes.** Plaintiffs' Response indicates that the requested declaration may be useful in future claims against the Debtor's "principals" or "associates," including persons like Mr. Hughes. An adverse Ponzi-scheme finding could be used in later proceedings to support claims against Mr. Hughes, including fraud-based or veil-piercing theories.

10. To the extent a surplus estate remains possible, Mr. Hughes's equity interest supports party-in-interest status for purposes of intervention.

## III. INTERVENTION IS TIMELY AND WILL NOT PREJUDICE EXISTING PARTIES

11. **Timeliness:** Mr. Hughes files this motion before any ruling on the Trustee's Motion to Dismiss and before the July 28, 2026 Pretrial/Status Conference. No scheduling order has been entered. No discovery has been conducted. No final judgment has been entered. Under the Eleventh Circuit's timeliness analysis, the motion is timely because it was filed early in the case, before discovery, before any merits ruling, and before final judgment.:

   o **Length of delay:** Mr. Hughes has acted promptly upon learning of the Plaintiffs' explicit intent to use this proceeding against him personally (as stated in Doc. 13, filed June 24, 2026).

   o **Prejudice to existing parties:** None. The case is in its earliest stages. The Trustee seeks dismissal, and no merits discovery has occurred.

   o **Prejudice to Mr. Hughes if denied:** Significant. He faces personal reputational and liability exposure from a declaration that would bind him collaterally.

   o **Unusual circumstances:** Plaintiffs' explicit admission that they intend to use this proceeding against "principals" militates strongly in favor of intervention.

12. Mr. Hughes's motion is timely because it was filed early in the adversary proceeding, before any merits ruling and before discovery. See Fed. R. Civ. P. 24(a); Fed. R. Bankr. P. 7024.

## IV. DISPOSITION OF THIS ACTION WILL IMPAIR MR. HUGHES'S ABILITY TO PROTECT HIS INTERESTS

13. If Plaintiffs obtain a declaration that the Debtor operated a Ponzi scheme, Plaintiffs may attempt to use that finding in future litigation against Mr. Hughes.

14. Plaintiffs may attempt to invoke preclusion or rely on the declaration in later litigation, but Mr. Hughes would have valid due process and nonparty-preclusion objections under the Fifth and Fourteenth Amendments to any attempt to bind him absent proper joinder and an opportunity to be heard.

15. As a practical matter, disposition of this action without Mr. Hughes's participation could impair his ability to protect his interests and raise due process concerns if Plaintiffs later attempt to use the ruling against him.

## V. MR. HUGHES'S INTEREST IS NOT ADEQUATELY REPRESENTED BY EXISTING PARTIES

16. The Chapter 7 Trustee's focus is on administration of the estate, not on protecting Mr. Hughes from personal use of any declaration entered in this proceeding. The Debtor will not zealously defend the interests of its former principals because it has no obligation to do so and no economic incentive. Nothing in the Trustee's existing Motion to Dismiss addresses the impossibility of a Ponzi scheme, the Trustee focuses only on the standing issue, not the merits of Plaintiffs' false allegations. Mr. Hughes has already been harmed.

17. The Trustee has an interest in maximizing the estate's value, not in protecting former principals from personal liability. The Trustee has already argued that the Plaintiffs lack standing (Doc. 10), but the Trustee's interest is estate-wide, not personal to Mr. Hughes. The Trustee has not and will not raise defenses specific to Mr. Hughes's personal interests, such as:

- o The "unclean hands" doctrine based on Stringer's defamation campaign;

- o The contractual defenses (100% non-refundable fees);

- o The lack of personal jurisdiction over Mr. Hughes;

- o Due process protections for non-party principals.

- o **Fraud on the Court:** Mr. Hughes disputes Plaintiffs' Ponzi-scheme allegations and contends they are contradicted by materials already in the record, including, but not limited to, the Examiner's Report (Bankr. Doc. 146) and and the Walker Declaration (Bankr. Doc. 34, pgs. 100-105; Bankr. Doc. 501, Ex. 5). The Trustee cannot be expected to assert defenses unique to Mr. Hughes's personal position or to protect him from the collateral use of any declaration entered here.

18. **The Trustee's fiduciary duties run to the estate and its creditors and do not make the Trustee an adequate or appropriate representative of Mr. Hughes's personal interests.** The adequacy-of-representation inquiry is flexible, and while the movant bears the burden of showing that existing parties will not adequately protect his interests, the burden is minimal and satisfied where, as here, the existing parties have interests that diverge from the proposed intervenor. Mr. Hughes meets this burden because:

1. The existing parties are actively adverse to Mr. Hughes's personal interests (Plaintiffs seek to use this proceeding against him personally).

2. The Trustee has a conflicting fiduciary duty to all creditors, not to former principals.

3. The Trustee has already taken positions adverse to Mr. Hughes in other proceedings.

## VI. PERMISSIVE INTERVENTION IS ALSO APPROPRIATE

19. In the alternative, Mr. Hughes seeks permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) because his objections to the proposed declaration share common questions of law and fact with the main action.

20. Permissive intervention will not unduly delay or prejudice the existing parties. Mr. Hughes seeks intervention for the limited purpose of protecting his personal interests and ensuring that any judgment entered does not bind him without due process.

## VII. THE COURT HAS AUTHORITY TO PERMIT INTERVENTION

21. Bankruptcy Rule 7024 incorporates Federal Rule of Civil Procedure 24. Intervention as of right is authorized when: The motion is timely; The applicant has an interest relating to the property or transaction; Disposition of the action may impair the applicant's ability to protect that interest; and The interest is not adequately represented by existing parties'. Hughes satisfies all four elements.

## VIII. REQUEST FOR EXPEDITED CONSIDERATION

22. Mr. Hughes respectfully requests that the Court expedite consideration of this motion and rule before any ruling on the Trustee's Motion to Dismiss or the merits of the Complaint.

23. Prompt consideration will preserve Mr. Hughes's ability to participate if the Court permits the action to proceed.

## IX. CONCLUSION

WHEREFORE, David Hughes respectfully requests that this Court:

i.   Grant his Motion to Intervene as of Right under Federal Rule of Civil Procedure 24(a)(2);

ii.  In the alternative, grant permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B);

iii. Enter an order permitting Mr. Hughes to file his responsive pleading and defenses;

iv.  Enter an order that any judgment entered in this adversary proceeding expressly states that it does not bind non-party principals or any party not named as a defendant and served with process;

v.   Set a hearing on this motion at the Court's earliest convenience;

vi.  Allow Mr. Hughes to participate remotely;and

vii. Grant such other and further relief as the Court deems just and proper.

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing motion, and the facts alleged therein are true and correct to the best of my knowledge, information, and belief.

Dated: July 15, 2026

/s/ David Choate Hughes II

David Choate Hughes II

Debtor, Pro Se

2812 Pat Tillman Drive

Springfield, Illinois 62711

217.416.5059

davidchoatehughes@gmail.com


CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was served upon all interested parties by CM/ECF system and/or U.S. Mail on this 15th day of July, 2026.

Raye Elliott (Counsel for the Chapter 7 Trustee)

Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602

D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837

raye.elliott@akerman.com